IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOHN P. ELMORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-05088-DGK |
| | ) | |
| Connie Mansfield, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF SEPARATE DEFENDANT JOHN BRADFORD'S MOTION TO DISMISS PURSUANT TO RULE 12 (b) (6)**

COMES NOW, Defendant John Bradford, by and through his attorneys of record, Mann, Walter, Bishop & Sherman, P.C., and in further support of his Motion to Dismiss Pursuant to Rule 12 (b) (6) offers the following suggestions in support.

**I. Background**

Plaintiff's Petition alleges that Plaintiff Elmore and Defendant Arnott have been engaged in a long term and highly contentious child custody dispute. (*See*, Plaintiff's Petition, Paragraphs 24-27). Defendant Bradford is alleged to have been romantically involved with Defendant Arnott during the relevant time periods leading to the instant lawsuit. (*Id.* at Paragraph 21).

On or about October 10, 2006, Plaintiff alleges he attempted to have a Court Order served upon Defendant Arnott while she and Defendant Bradford were eating dinner with her daughters at a restaurant. (*Id*. at Paragraph 47). Plaintiff alleges that Defendant Arnott and her children fled the restaurant and locked herself and her children in her car, refusing to accept service. (*Id.* at Paragraph 48). The Petition further alleges

that Defendant Bradford held the keys to the car, that he initially refused to comply with "law enforcement requests" that he unlock the doors, and participated in a delay of transfer of custody of the minor children to Plaintiff for "roughly two hours" while law enforcement ascertained who was lawfully entitled to custody. (*Id.* at Paragraphs 49-53).

Plaintiff's Petition alleges four counts against Defendant Bradford: 1) Count I - 42 U.S.C. § 1983 Interference with Parental Rights (John Elmore), 2) Count II - 42 U.S.C. § 1983 Interference with Family Relationships (Rachael Elmore and Sarah Elmore), 3) Count IX – State Law Conspiracy, and 4) Count X – Intention Infliction of Emotional Distress (John, Rachael and Sarah Elmore).  Each of these counts fails to state a cause of action upon which relief can be granted.  Moreover, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims upon its proper dismissal of Plaintiff's federal question claims purporting to arise under 42 U.S.C. § 1983.

## II.  Plaintiff's Petition Fails to Allege Defendant Bradford Acted Under Color of State Law

Plaintiff alleges two counts against Defendant Bradford pursuant to 42 U.S.C. § 1983, for the alleged deprivation of his and his daughter's civil rights.  A foundational element of a claim under § 1983 is that the defendant must be a state actor, or a person or entity acting under the color of law.  Adickes v. S.H. Kress & Co., 90 S.Ct. 1598, 1605 (1969) ("…the plaintiff must show that the defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage of any State or Territory.  This… element requires that the plaintiff show that the defendant acted under color of law.")

Plaintiff's Petition fails to allege that Defendant Bradford was a state actor or that his actions were undertaken under color of law. Therefore, Counts I and II of Plaintiff's Petition must be dismissed as against Defendant Bradford.

### III. Plaintiff's State Law Claims Fail to Allege Essential Elements Required Under Missouri Law

Under Missouri Law, a claim for civil conspiracy must allege the following essential elements: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages. Mackey v. Mackey, 914 S.W.2d 48, 50 (Mo.App. W.D. 1996).

Count IX of Plaintiff's Petition wholly fails to allege that Defendant Bradford's actions satisfy any of the above elements, much less all of them. Therefore, Count IX must be dismissed as against Defendant Bradford.

Likewise, under Missouri Law, a claim for intentional infliction of emotional distress must prove that the defendant engaged in extreme and outrageous conduct which causes emotional distress which results in bodily harm. Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997). There is no allegation that any act by Defendant Bradford was extreme or outrageous or that it caused severe emotional distress which resulted in bodily injury. Therefore, Count X must be dismissed as against Defendant Bradford.

### IV. This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

This Court's jurisdiction over Counts IX and X arises, ostensibly, out of the Court's supplemental jurisdiction authority pursuant to 28 U.S.C. § 1367. There is no

federal question jurisdiction over these tort claims arising under Missouri law, nor is there diversity of citizenship amongst the parties.

As argued above, Defendant Bradford is not alleged to be a state actor, nor is his conduct alleged to have been undertaken under color of law. Therefore, the causes of action alleged against him pursuant to 42 U.S.C. § 1983 must be dismissed. With no remaining cause of action triggering original jurisdiction in the Federal Courts, this Court may decline to exercise supplemental jurisdiction over the Missouri tort claims. 28 U.S.C. § 1367 (c)(3).

Moreover, a declination of supplemental jurisdiction is appropriate in this instance for the reason that the allegations against Defendant Bradford do not arise out of a common nucleus of operative fact with those causes of action against his co-Defendants which may constitute colorable federal questions and thus do not constitute the same case or controversy. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) ("Claims within the action are part of the same case or controversy if they derive from a common nucleus of operative fact.") The Petition, on its face, reveals that the totality of Defendant Bradford's alleged misconduct is isolated to a "roughly two hour" period on October 10, 2006. (See Plaintiff's Petition, Paragraphs 47-53) Defendant Bradford's alleged misconduct has nothing to do with any misconduct on the part of employees of the Children's Division of the Missouri Department of Social Services, nor is it related to any misconduct alleged against the Child Advocacy Center or its employees.

As argued above, there is no allegation that Defendant Bradford engaged in a meeting of the minds with any party in furtherance of the conspiracy alleged in Count IX of the Petition. Furthermore, there is not even an allusion, much less an allegation, that

4

Defendant Bradford engaged in any conspiratorial conduct with a party against whom liability pursuant to § 1983 may exist.  In essence, Defendant Bradford is twice removed from any cognizable federal jurisdictional crutch.  Thus, this Court should refrain from exercising supplemental jurisdiction over these causes of action.

WHEREFORE, Defendant Bradford respectfully requests this Court enter its Order dismissing Counts I, II, IX and X as against Defendant Bradford and awarding him his costs herein expended, and for such other and further relief the Court deems just and proper.

    MANN, WALTER, BISHOP & SHERMAN, P..C.

By:   /s/ Kristoffer R. Barefield
    Kristoffer R. Barefield, Mo. Bar No. 55090
    Paul F. Sherman, Mo. Bar  No. 34048
    1108 E. Walnut Street
    P. O. Box 1072
    Springfield, MO 65801-1072
    (417) 877-9138    FAX 877-0469
    pfs@mannwalterlaw.com
    krb@mannwalterlaw.com
    *Attorneys for Separate Defendant*
    *John Bradford*

### CERTIFICATE OF SERVICE

This certifies that on November 3, 2011, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kathleen Hill
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, IL  60607
katie@loevy.com
*Attorney for Plaintiffs*

John Cowherd
105 East Dallas Street
P.O. Box 268
Mount Vernon, MO  65712
johncowherd@mchsi.com
*Attorneys for Plaintiffs*

Douglas G. Leyshock
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO  65102
doug.leyshock@ago.mo.gov
*Attorneys for Defendant Mansfield*

Jason S. Retter
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO  63188
jason.retter@ago.mo.gov
*Attorneys for Defendants*
*Hoaglin, Johnson & Baker*

Becky J. Borthwick
Franke, Schultz & Mullen
1525 E. Republic Road
Springfield, MO  65804
bborthwick@fsmlawfirm.com
*Attorneys for Defendant*
*The Child Advocacy Center, Inc.*

Kent O. Hyde
Hyde, Love & Overby LLP
1121 S. Glenstone
Springfield, MO  65804
kohyde@aol.com
*Attorneys for Defendant Penkalski*

Krystle Marie Scherling
Armstrong Teasdale LLP-KCMO
2345 Grand Blvd., Suite 2000
Kansas City, MO  64106
kscherling11@gmail.com
*Attorneys for Joanna Arnott*

Warren E. Harris
Taylor, Stafford, Clithero, FitzGerald

   & Harris, LLP
3315 E. Ridgeview, Suite 1000
Springfield, MO  65804
wharris@taylorstafford.com
*Attorneys for Defendant Arnott*

  /s/ Kristoffer R. Barefield
Attorneys for Separate Defendant
John Bradford