IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOHN P. ELMORE, SARAH L. ELMORE, a minor child by and through her next friend, John P. Elmore, and RACHAEL I. ELMORE, a minor child by and through her next friend, John P. Elmore, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-5088-CV-SW-DGK |
| CONNIE MANSFIELD, VONDA WALLACE, JANICE HOAGLIN, VANESSA JOHNSON, STACEY BAKER, THE CHILD ADVOCACY CENTER, INC., ZACHARY ADAMS, BRENDA BROWN, MICKI LANE, MELISSA PENKALSKI, JOANNA ARNOTT, MICHAEL CASTERDALE, STEVEN MORROW, and JOHN BRADFORD, | ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## SUGGESTIONS IN SUPPORT OF
## DEFENDANT JOANNA ARNOTT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

-1-

## Table of Contents

Standard of Review..........................................................................................5

I. All Claims On Behalf Of The Children Fail As No Representative Has Been Appointed................................................................................................5

II. Plaintiffs' 42 USC §1983 Claims...............................................................7

    A. Arnott Did Not Act Under Color Of Law / Is Not A State Actor.........................7

III. No Subject Matter Jurisdiction Over Counts I and II....................................12

IV. All State Law Claims Should Be Dismissed For Lack Of Jurisdiction......................13

V. Count IV (§453.110) Fails To State A Cause Of Action Under Missouri Law..........13

VI. Count V, Tortious Interference with Parental Rights, Fails To State A Cause Of Action Under Missouri Law.............................................................15

VII. Count VIII, Defamation, Fails To State A Cause Of Action As It Is Barred By The Statute Of Limitations.........................................................................19

VIII. Count IX, State Law Conspiracy, Fails To State A Cause Of Action....................19

IX. Count X Fails To State A Cause Of Action..............................................21

X. Arnott Is Immune To The State Law Claims..............................................22

Case 3:11-cv-05088-DGK   Document 31   Filed 11/14/11   Page 2 of 24

## *Table of Authorities*

*Cases*

*Adams Dairy, Inc. v. Burke, 293 S.W.2d 281 (Mo. 1956)*.........................20, 21

*American Manufacturers Mutual Insurance Company v. Sullivan, 526 U.S. 40 (1999)*.................................................................................................8, 9

*Barnard v. Boulware, 5 Mo. 454 (Mo. 1838)*.............................................19

*Bockover v. Stemmerman, 708 S.W.2d 179 (Mo.App. W.D. 1986)*.............................22

*Christy v. Petrus, 295 S.W.2d 122 (Mo. banc 1956)*......................................14

*Coons v. Mineta, 410 F.3d 1036 (8th Cir. 2005)*..........................................5

*Crumpley-Patterson v. Trinity Lutheran Hospital, 388 F.3d 588 (8th Cir. 2004)*...............7

*Dueker v. Gill, 175 S.W.3d 662 (Mo.App. S.D. 2005)*....................................20

*Eckert v. Titon Tire Corp., 514 F.3d 801 (8th Cir. 2008)*...................................5

*Gibson v. Regions Financial Corporation, 557 F.3d 842 (8th Cir. 2009)*........................10

*Gibson v. Brewer, 952 S.W.2d 239 (Mo. banc 1997)*................................21, 22

*Harris v. Kempker, 2008 WL 53622 (E.D. Mo. 2008)*...................................5, 6

*Hendrix v. Wainwright Industries, 755 S.W.2d 411 (Mo.App. E.D. 1988)*.....................22

*Hester v. Barnett, 723 S.W.2d 544 (Mo.App. W.D. 1987)*...............................6, 15

*Horwitz v. Horwitz, 16 S.W.3d 599, 604 (Mo.App. E.D. 2000)*.....................................18

*In re Baby Girl, 850 S.W.2d 64 (Mo. banc 1993)*..........................................14

*Johnson v. Outboard Marine Corporation, 172 F.3d 531 (8th Cir. 1999)*.....................7, 8

*Jordan v. Green, 903 S.W.2d 252 (Mo.App. W.D. 1995)*................................19

*Kahn v. Kahn, 21 F.3d 859 (8th Cir. 1994)*...................................................12

*Lugar v. Edmondson Oil Company, Inc., 457 U.S. 922 (1982)*......................................21

*McDowell v. Jones, 990 F.2d 433 (8th Cir. 1993)*..........................................20

*Meikle v. Van Biber, 745 S.W.2d 714 (Mo.App. W.D. 1987)*............................16, 17, 22

*Mershon v. Beasley, 994 F.2d 449 (8th Cir. 1993)*..........................................8

*Murray v. Lene, 595 F.3d 868 (8th Cir. 2010)*...............................................20

*Oakbluff Partners, Inc. v. Myer, 3 S.W.3d 777 (Mo. banc 1999)*...........................20, 21

-3-

*Politte v. Politte*, 727 S.W.2d 198 (Mo.App. E.D. 1987)....................................................6

*Polk v. In Rhodes/St. Louis, Inc.*, 951 S.W.2d 646 (Mo.App. E.D. 1997)......................21

*Reasonover v. St. Louis County, Missouri*, 447 F.3d 569 (8th Cir. 2006) ........................7

*R.J. v. S.L.J.*, 810 S.W.2d 608 (Mo.App. E.D. 1991)..............................................17, 22

*Sanders v. City of Minneapolis, Minnesota*, 474 F.3d 523 (8th Cir. 2007)......................7

*Shqeir v. Equifax, Inc.*, 636 S.W.2d 944 (Mo. banc 1982).......................................13, 14

*Walker v. Barrett*, 650 F.3d 1198 (8th Cir. 2011)................................................................8

*White v. Fawcett Publications*, 324 F.Supp. 403 (W.D. Mo. 1971)...............................19

*Young v. Harrison*, 284 F.3d 863 (8th Cir. 2002)......................................................8, 11

<u>Statutes</u>

<u>Federal</u>:

42 USC §1983 ....................................................................................................................7

<u>State</u>

§210.135...........................................................................................................................23

§210.145...........................................................................................................................23

§452.400...........................................................................................................................18

§453.110...........................................................................................................................13

§516.140...........................................................................................................................19

<u>Federal Rules of Civil Procedure</u>

Federal Rule of Civil Procedure 12(e)..............................................................................19

Federal Rule of Civil Procedure 17(c) ...............................................................................5

<u>Missouri Rules of Civil Procedure</u>

Missouri Rule of Civil Procedure 52.02 .............................................................................6

COMES NOW Defendant Joanna Arnott (hereinafter "Arnott"), by and through counsel, and for her Suggestions in Support of her Motion to Dismiss Plaintiffs' Complaint states as follows:

## Standard of Review

In a motion to dismiss, the allegations contained in the complaint are considered true and are viewed liberally in the light most favorable to the plaintiffs. *Eckert v. Titon Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)*; *Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)*.

## I. All Claims On Behalf Of The Children Fail As No Representative Has Been Appointed.

In Plaintiff John Elmore's (hereinafter "Elmore") Complaint, Elmore has designated himself as the next friend of Rachael Elmore and Sarah Elmore (the children). However, there has been no request to the court to appoint Elmore as the representative of the children.

Federal Rules of Civil Procedure 17(c) provides that a representative may sue or defend on behalf of a minor. In *Harris v. Kempker, 2008 WL 53622 (E.D. Mo. 2008)*, the Eastern District of Missouri discussed what is necessary to appoint a next friend in federal court. In addition to FRCP17(c)[1], the Eastern District held that it must look to state law and procedure for guidance with respect to the appointment of a next friend. *Harris, 2008 WL 53622 at 1*.

---

[1] Although *Harris* was interpreting the pre-2007 version of FRCP 17, the Notes to Rule 17 state that the 2007 amendment was part of the general restyling of the rules to make them more easily understood and that the changes to Rule 17 were intended to be stylistic only.

Under Missouri Rules of Civil Procedure 52.02, if the minor is over age 14, then she must sign a petition requesting the appointment. If under age 14, then the person seeking the appointment must still file a request with the court. Upon information and belief, Rachael Elmore is 14 years of age or older. No document has been filed with Rachael's signature. Nor has Elmore filed any such document.

The *Harris* court also recognized that the U.S. Supreme Court has stated that a requirement for a person to act as a next friend is that the person must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *Harris, 2008 WL 53622 at 1*.

In the case at bar, Elmore has failed to file anything indicating that he is truly dedicated to the best interests of the children. It is questionable whether Elmore can act in the best interest of the children in regards to the claims made against their mother. Arnott's and Elmore's relationship is contentious and their custody disputes have been heavily litigated over a period of many years.[2] It is unclear how any money judgment entered against the children's mother could advance the best interests of the children. See *Politte v. Politte, 727 S.W.2d 198, 200-201 (Mo.App. E.D. 1987)* (noting that the interests of a child kept by one parent in violation of the court decree are best served by a prompt return of the child to the parent who the court had determined to be the more qualified custodian) and *Hester v. Barnett, 723 S.W.2d 544 (Mo.App. W.D. 1987)* (noting a concern that children will become hostages in family disputes).

---

[2]In fact, the custody dispute regarding Rachel dates back to 1999 when a judgment of paternity was entered by the Circuit Court of Laclede County, Missouri. Judge Kays may or may not have proceeded over portions of that initial dispute.

-6-

Because no individual has been appointed as the representative of the children, the court should dismiss the claims allegedly brought on their behalf. Furthermore, if the court believes that a representative should be appointed on the children's behalf, then Arnott requests that an independent third party be appointed as such next friend in order to determine and represent the best interests of the children.

## II.    Plaintiffs' 42 USC §1983 Claims.

The Plaintiffs have attempted to assert three 42 USC §1983 claims against Arnott. Those claims should be dismissed for failure to state a cause of action.

### A.    Arnott Did Not Act Under Color Of Law / Is Not A State Actor.

42 USC §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state. . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit and equity[.]

Generally, §1983 acts to secure constitutional rights and other rights from infringement by government actors and not private parties. *Crumpley-Patterson v. Trinity Lutheran Hospital, 388 F.3d 588, 590 (8th Cir. 2004)*. However, if a private party acts under color of state law then that party may be liable under §1983. *Id.* A private individual can be deemed a state actor under §1983 when she acts "under cover of state law and performs a function traditionally exclusively reserved to the state." *Reasonover v. St. Louis County, Missouri, 447 F.3d 569, 584 (8th Cir. 2006)*. §1983 liability applies to a private actor only if she is a willing participant in a joint action with public servants who are acting under color of state law. *Sanders v. City of*

-7-

***Minneapolis, Minnesota, 474 F.3d 523, 527 (8th Cir. 2007)***; ***Johnson v. Outboard***

***Marine Corporation, 172 F.3d 531, 536 (8th Cir. 1999)***.  However, a private individual

cannot be found to have conspired with a state official if the individual's actions

constitute merely invoking the exercise of the state official's authority.  ***Young v.***

***Harrison, 284 F.3d 863, 870 (8th Cir. 2002)***.

 In order to survive Arnott's Motion to Dismiss, the Plaintiffs must have alleged "at

the very least, that there was a mutual understanding, or a meeting of the minds,

between the private party and the state actor."  ***Mershon v. Beasley, 994 F.2d 449,***

***451 (8th Cir. 1993)***; ***Johnson, 172 F.3d at 536***.  The Plaintiffs must demonstrate joint

action because the "under color of state law element of §1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful."  ***American***

***Manufacturers Mutual Insurance Company v. Sullivan, 526 U.S. 40, 50 (1999)***.

 Turning to the specific allegations contained in the Plaintiffs' Complaint, the

following paragraphs are directed towards Defendant Arnott: 25-36, 40, 41, 45, 47, 48,

50, 51 and 66.[3]  The remaining factual allegations are all directed towards the other

defendants herein.

 Paragraphs 25 through 29 attempt to offer only alleged factual background to the

Plaintiffs' lawsuit.  They do not involve private conduct that resulted in a deprivation of

any of the Plaintiffs' rights.  (See ¶29, indicating that the alleged false allegations were

all determined to be unfounded and ¶30 indicating that Arnott had not had any success

---

 [3]Arnott disputes the allegations set forth in the Plaintiffs' Complaint. However, as
the standard on a motion to dismiss requires that all allegations be taken as true, Arnott
has presented the allegations as true only for the purposes of this motion.  By doing so,
Arnott is not admitting the truth of any such allegations.

with her allegations).  Furthermore, these paragraphs allege conduct that occurred more than five (5) years prior to the Plaintiffs' filing of the present action and are therefore barred by the applicable statute of limitations. **Walker v. Barrett, 650 F.3d 1198, 1205 (8ᵗʰ Cir. 2011)** (5 year limitations period for §1983 claims arising in Missouri).

Paragraphs 30 through 35 also allege merely private conduct that did not involve any state official and therefore cannot constitute joint action with any state official. They allege that Arnott used her court ordered visitation time with her children to coach and train them to lie about the children's father and falsely accuse him of inappropriate sexual conduct.  Such conduct does not fall within the ambit of §1983 liability. **Sullivan, 526 U.S. at 50**.

The remaining factual allegations against Arnott are contained in paragraphs 36 through 41, 45, 47, 48, 50, 51 and 66.  These allegations can be summed up as follows: on October 8, 2006, Arnott produced letters and drawings that were created by Rachael at the direction of Arnott.  Arnott forced her daughter to create the letters, actually dictated the letters to her and promised her a pet and other gifts if she would write the letters.  On the same day and after viewing these letters, Defendant Mansfield ("Mansfield") informed Arnott to violate the court's custody order. Arnott then refused to return the children to Elmore's custody.  On October 10, 2006, Elmore filed a motion with the state court seeking to compel Arnott to return the children to his custody. The court issued the order requested and Arnott attempted to avoid service of that order by barricading herself in her car.  While Arnott was barricaded inside her car, she called

Defendant Casterdale ("Casterdale") and persuaded him to come to the scene. Two hours later, officers were able to return the children to their father's custody.

The allegations are not sufficient to support the §1983 claims. There is no allegation of a meeting of the minds between Arnott and Mansfield or Casterdale (or any other defendant). As to Casterdale, the only allegation is that Arnott convinced him to come to the scene. Paragraph 52 of the Complaint does state that Casterdale attempted to convince law enforcement personnel to ignore the court order but it does not indicate in any manner that Arnott was involved in Casterdale's decision to try to persuade law enforcement personnel. Moreover, Casterdale was unsuccessful and therefore, even if Casterdale and Arnott acted jointly, no deprivation of any of the Plaintiffs' rights resulted.

As for Arnott and Mansfield, the only allegation is that Arnott showed Mansfield letters and drawings that had been produced by Rachael. Mansfield then instructed Arnott to violate the court's custody order. These allegations do not support a conclusion that Mansfield and Arnott had a meeting of the minds at which time they jointly agreed to act in a manner that would deprive the Plaintiffs of any rights. The Eighth Circuit has established that "the mere furnishing of information to a law enforcement officer, *even if the information is false*, does not constitute joint activity with state officials." *Gibson v. Regions Financial Corporation, 557 F.3d 842, 846 (8th Cir. 2009) (emphasis added)*.

It is worth emphasizing that the only allegation contained in the Complaint regarding Arnott's and Mansfield's interaction is that Arnott supplied Defendant

-10-

Mansfield with the false letters and drawings. There is no allegation that Arnott was involved in Mansfield's decision to advise Arnott that Arnott should violate the custody order; or in Mansfield's later decision to contact a member of the Missouri Highway Patrol in order to have Elmore produce the children at the Child Advocacy Center (¶58); or Mansfield's decision to instruct Defendant Micki Lane to conduct a videotaped interview with Rachael Elmore (¶59); or Mansfield's decision to order a full gynecological examination of both of the girls (¶60). As previously indicated, if Arnott's actions only constituted invoking an exercise of an official's authority, then no joint action can be found. *Young, 284 F.3d 863, 870*.

Paragraph 66 of the Plaintiffs Complaint does indicate that Mansfield conferred with Arnott several times for the purposes of preparing a report. However, that bare bones allegation does not support any claim that they were acting jointly. In fact, ¶65 of the Complaint makes clear that it was Mansfield, acting on her own, who became determined to make a report against Elmore. (See also Plaintiffs' ¶54: Mansfield completely abandoned any semblance of impartiality; ¶55: Mansfield was determined to make a finding against Elmore even absent any legitimate justification; ¶69: Mansfield permissively omitted or concealed actions *she took* that would undermine the validity of her findings; ¶70: Mansfield was inappropriately fixated on making a finding against Elmore; ¶82(c): Mansfield was so fixated on obtaining a finding against Elmore that she lied in her official reports; and ¶82(g): Mansfield completely ignored the mountain of evidence demonstrating that the allegations were false and doggedly persisted even as her own investigation indicated that the allegations were untrue and abdicated her role as an impartial investigator, *made up her mind* that Elmore was a pedophile and

-11-

determined that *she* was going to prove Elmore had emotionally, physically and sexually abused his children).

The Complaint does not contain sufficient allegations to reach a conclusion that Arnott had a meeting of the minds with any of the state officials that are defendants in this action. Thus, she was not a state actor or acting under color of law and is not subject to liability under §1983 and counts I-III against her must be dismissed.

III. **No Subject Matter Jurisdiction Over Counts I and II.**

Even if the court finds that Arnott acted under color of law, Counts I and II should still be dismissed for lack of jurisdiction.

Count I of the Plaintiffs' Complaint contains ¶¶ 83 through 89. Paragraph 84 indicates that Arnott (along with other defendants) caused the children to be removed from the care and custody of their father in violation of the custody and visitation order entered by Judge Blankenship. It is important to note that ¶85, regarding the safe examination, is not directed at Arnott. As such, the basis for Elmore's claim that his constitutional right was deprived is his allegation that Arnott violated the court ordered custody and visitation order. Count II just incorporates the Compliant's other allegations, so the same analysis applies to it. Both claims are outside the purview of this court's jurisdiction due to the domestic relations exception to federal jurisdiction.

"The domestic relations exception. . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony or child custody." ***Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994)***. As set forth in ***Kahn***, "when a cause of action closely relates to but does not precisely fit into the contours of an action for a divorce, alimony or child custody, federal courts generally will abstain from

-12-

exercising jurisdiction." *Id.* In **Kahn**, the Eighth Circuit held that it lacked jurisdiction over a case where the evidence proffered in both the state and federal proceedings were the same and involved the same conduct. *Id.*

The allegation against Arnott in Counts I and II, i.e., the violation of the court custody order, is the same conduct and the same evidence that was presented to the state court in 2006 and which led to the issuance of the state court's order compelling Arnott to return the children to their father's custody. Moreover, as is set forth more fully in section VI *infra*, Missouri law specifically provides an avenue to enforce a court's custody order. *See §452.400, RSMo. 2000*. The existence of *§452.400* operates to further establish that Counts I and II fall within Missouri's law regarding child custody and enforcement of such orders. Thus, this court does not have jurisdiction over those portions of Counts I and II that are directed toward Arnott.

**IV.** **All State Law Claims Should Be Dismissed For Lack Of Jurisdiction**

Because Arnott is not subject to §1983, then all of the Plaintiffs' federal question claims against Arnott should be dismissed leaving this court without jurisdiction as to the Plaintiffs' remaining state law claims against Arnott.

**V.** **Count IV (§453.110) fails to state a cause of action under Missouri law.**

Under Count IV, Plaintiffs have attempted to plead a cause of action for improper transfer of a child under §453.110 (RSMo. 2005). However, that statute does not create a private cause of action for its violation and, even if it did, Arnott has not violated the statute.

-13-

In *Shqeir v. Equifax, Inc., 636 S.W.2d 944, 947 (Mo. banc 1982)*, the Missouri Supreme Court addressed when exactly a statute creates a new cause of action. The court stated that the "creation of a private right of action by implication is not favored, and the trend is away from judicial inferences that a statute's violation is personally actionable." *Shqeir, 636 S.W.2d at 947.* Additionally, in *Christy v. Petrus, 295 S.W.2d 122 (Mo. banc 1956)*, the Missouri Supreme Court specifically stated that "a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." *Christy, 295 S.W.2d at 126*.

§453.110 provides that any person who violates the terms of that section is guilty of a class D felony. Nowhere in §453.110 does the legislature expressly indicate that it is creating a new private cause of action. Moreover, the Missouri Supreme Court has determined that the "obvious purpose of the legislature in enacting §453.110 was to prohibit the indiscriminate transfer of children, the concept that a parent could pass them on like chattel to a new owner." *In re Baby Girl, 850 S.W.2d 64, 68 (Mo. banc 1993)*.

Finally, the Plaintiffs have not followed the actual requirements of the statute. Section 453.110.1 prevents a person from taking possession of a child without first obtaining an order from the court. Section 453.110.2 states that if any such surrender or transfer is made without obtaining the order, then any interested person may file a petition with the court. There is no allegation that a petition was ever filed.

-14-

For the above stated reasons, this court should dismiss Count IV of the Plaintiffs' Complaint for failure to state a cause of action.

## VI.  Count V, Tortious Interference with Parental Rights fails to state a cause of action under Missouri law.

Whatever Count V's title, Elmore is actually attempting to make a claim for loss of alienation of affections of the children.  Missouri does not recognize such a claim.

Several cases provide guidance.  In ***Hester v. Barnett***, the plaintiffs, a mother and stepfather of three children, filed a petition against a minister that included a claim for alienation of affections.  ***Hester, 723 S.W.2d at 549***.  The defendant minister had filed a motion to dismiss for failure to state a claim which was granted.  ***Id.***  The plaintiffs made the following allegations: defendant met with the plaintiffs, assured them that any conversations would be confidential and the plaintiffs confided in him regarding their children being beset with behavioral and disciplinary problems; the defendant divulged the confidential information to members of the community, lied to others, told others that the plaintiffs abused their kids and used them cruelly; the defendant advised and instructed the kids to lie as to the mode of discipline received from the plaintiffs so that they would be removed from the plaintiffs' home; and the defendant admitted the conduct and apologized but then continued such conduct.  ***Id. at 549, 550***.  The minister also falsely accused the plaintiffs of abuse over the hotline for abuse.  ***Id. at 550***.  The ***Hester*** court construed the allegations as an alienation of affections claim and held that Missouri does not recognize such a claim.  ***Id. at 555-556***.  The court

Case 3:11-cv-05088-DGK   Document 31   Filed 11/14/11   Page 15 of 24

stated that "the refusal rests on concern that such a recovery would render the child a hostage in family disputes." ***Id. at 555***.

In ***Meikle v. Van Biber, 745 S.W.2d 714 (Mo.App. W.D. 1987)***, the plaintiff, a mother, sued her parents for emotional distress and general debility due to their interference with her parental rights as to the custody of her son. ***Meikle, 745 S.W.2d at 714***. The trial court granted a motion to dismiss for failure to state a claim. ***Id.*** The plaintiff alleged that the defendants had encouraged her son not to live with her, had provided her son with a place to live, had undertaken to supervise and control her son without her consent and had refused to return her son to her. ***Id. at 714-15***. The plaintiff had legal custody of the son pursuant to a divorce decree. ***Id. at 714***. The plaintiff argued the petition stated a claim for interference with the plaintiff's lawful custodial rights and/or *prima facie* tort and/or intentional infliction of emotional distress. ***Id.***

The ***Meikle*** court specifically noted that the plaintiff's petition did not seek relief regarding the restoration of custody or the enforcement of conditions associated with the plaintiff's parental rights. ***Id. at 715***. The court held the plaintiff's claims fell under a claim for loss of affections and that Missouri does not recognize such a cause of action. ***Id.*** The court stated that Missouri case law only allows recovery in damages for interference with a parent's right to custody of a minor child where it has been alleged that the tort committed was accomplished by abduction of the child by force. ***Id. at 715, 716-17***.

Finally, the **Meikle** court recognized and agreed with prior case law questioning the need to even recognize such a tort. Two reasons exist for not recognizing it: first, a tort seeking to vindicate the rights of a custodial parent by an award of damages does not advance the best interests of the child. **Id. at 716**. Second, other avenues of relief are available, such as contempt, criminal sanctions, *habeas corpus* and civil actions under the uniform child custody jurisdiction act. **Id.**

In a case brought by a father of two children against the mother, the Missouri Court of Appeals, Eastern District, held that the father's claim failed to state a cause of action because the mother had no legal duty not to alienate the children's affection. **R.J. v. S.L.J., 810 S.W.2d 608, 609 (Mo.App. E.D. 1991)**.

A careful review of the Complaint demonstrates that there is no allegation of abduction. On October 6, 2006, the children were lawfully within Arnott's custody. While Arnott did keep the children longer than the custody arrangement allowed, the children were never abducted by Arnott and no use of force was ever involved. Moreover, the children were returned to the custody of Elmore on October 10, 2006. After the children were returned to his custody, Elmore produced them at the Child Advocacy Center the next day. The Complaint is devoid of any allegation that Arnott was involved in the decision to have the children produced at the Child Advocacy Center. Moreover, as in **Meikle** the Complaint does not seek relief regarding the restoration of custody or the enforcement of conditions associated with Elmore's parental rights.

-17-

Even if the court believes that the facts pleaded by Elmore fall within the narrow category recognized by Missouri courts, any such claim is still barred. Missouri law sets forth that a cause of action may not be split and filed or tried piecemeal and that the penalty for any attempt to do so is that the adjudication on the first suit acts as a bar to the second suit. *Horwitz v. Horwitz, 16 S.W.3d 599, 604 (Mo.App. E.D. 2000)*. As set forth by the *Horwitz* case, the test for determining whether or not a plaintiff has attempted to split his claims is: "(1) whether the separate actions brought arise out of the same act, contract or transaction; or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Id.* If both lawsuits involve the same parties and the plaintiff is aware of the facts contained in the second lawsuit when it filed the first action, then the plaintiff must plead all of the grounds, counts and theories in the first action. *Id.*

Elmore knew the custody order had been violated. He filed a motion seeking to compel Arnott to return the children to his custody and an order was issued. Any claim against Arnott in this action is based on the same violation of the underlying custody order. See Plaintiffs' Complaint, ¶108.

Additionally, Elmore had an avenue to enforce the court's order and to seek additional remedies for its violation. §452.400 (RSMo. 2000) provided that a party may file a motion for contempt for violation of a custody order and, if said motion is granted, then an award of attorneys fees and expenses incurred as a result of the denial or interference with the order can be granted. The defendant also can be required to post a bond in order to ensure future compliance, a fine can be assessed against the

defendant, and the trial court has within its potential remedies any and all powers conferred upon it by law and relating to contempt. Elmore chose not to proceed against Arnott in front of the state trial court. Because he failed to bring his claim at that proceeding, he is barred from doing so now. *Horwitz, 16 S.W.3d at 604*.

## VII. Count VIII, Defamation, fails to state a cause of action as it is barred by the statute of limitations.

In Missouri, a two year statute of limitations applies to actions for defamation. *§516.140*. In ¶124, Elmore alleges that Arnott created or caused to be created false reports indicating that Elmore abused his children. He also alleges that the reports were published to various media agencies. Paragraphs 79 and 80 of the Complaint indicate that, after the DFS reports were made, Elmore sought review in a circuit court where judgment in his favor was granted on July 1, 2009. Thus, by July 1, 2009, any such reports made by the DFS had been created and published.

The two year statute of limitations for a defamation action begins running upon the publication of the allegedly defamatory statement. *Barnard v. Boulware, 5 Mo. 454 (Mo. 1838)*; *Jordan v. Green, 903 S.W.2d 252, 254 (Mo.App. W.D. 1995)*; *White v. Fawcett Publications, 324 F.Supp. 403, 404-405 (W.D. Mo. 1971)*. Therefore, Elmore needed to file his defamation claim by July 1, 2011. However, he did not file his Complaint until October 4, 2011. As such, Elmore's claim for defamation is barred.

Alternatively, if the Court believes that there is insufficient information in the Complaint to determine when the date of publication occurred, then Arnott requests that Plaintiffs be required to make a more definite statement pursuant to FRCP 12(e) as to

-19-

the actual defamatory statements made and when such defamatory statements were originally made and/or published.

## VIII. Count IX, State Law Conspiracy, fails to state a cause of action.

The elements of a claim of conspiracy are that: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." *Oakbluff Partners, Inc. v. Myer, 3 S.W.3d 777, 781 (Mo. banc 1999)*. In order for a conspiracy to exist, the defendants must have "a unity of purpose or a common design and understanding, or a meeting of minds and an unlawful arrangement." *Id.* Conspiracy only exists when there is an agreement of understanding between persons to do an unlawful act, or to use unlawful means to do a lawful act. *Id. at 780-81*. However, when the purpose of the conspiracy is illegal, then every act in furtherance thereof is also illegal. *Adams Dairy, Inc. v. Burke, 293 S.W.2d 281, 290 (Mo. 1956)*. In fact, it is the unlawful acts themselves that are done in pursuit of the conspiracy that give rise to the claim. *Dueker v. Gill, 175 S.W.3d 662, 673 (Mo.App. S.D. 2005)*.

A plaintiff must plead specific facts tending to show a meeting of the minds among the alleged conspirators. *Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010)*. No claim is made absent an allegation of a meeting of the minds. *McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)*[4].

---

[4]Although *Murray* and *Jones* are §1983 civil conspiracy cases, they are still applicable as both §1983 conspiracy claims and Missouri conspiracy claims require a meeting of the minds.

As is discussed in the section II *supra,* the Plaintiffs have failed to plead allegations sufficient to support a finding that there was an actual meeting of the minds between Arnott and any of the other defendants. Nor have the Plaintiffs even pleaded that a meeting of the minds occurred. Thus, Count IX of the Plaintiffs' Complaint against Arnott should be dismissed. See ***Murray, 595 F.3d at 871*** (holding that an ex-wife's sworn statement against the ex-husband regarding a custody dispute does not support a finding of a meeting of the minds between the ex-wife and state officials).

Furthermore, under Missouri law, no claim for conspiracy exists if the tortious acts alleged as elements of the civil conspiracy claim fail to state a cause of action. ***Myer, 3 S.W.3d at 781***. Because all of the other claims against Arnott fail to state a cause of action, the court should dismiss Count IX.

Finally, if the Court believes the acts were done in furtherance of a conspiracy and were done for an illegal purpose, then such acts themselves are illegal. ***Burke, 293 S.W.2d at 290***. As such, Arnott could not have been acting under color of state law and all of the §1983 claims must be dismissed leaving this court without jurisdiction. ***Lugar v. Edmondson Oil Company, Inc., 457 U.S. 922, 940 (1982)*** (holding that a private party's conduct that is unlawful cannot be ascribed to any governmental decision and therefore cannot be the basis of a §1983 claim).

## IX.    Count X Fails To State A Cause Of Action.

For an intentional infliction of emotional distress (IIED) claim to lie, Plaintiffs must plead extreme and outrageous conduct by a defendant who intentionally or recklessly caused severe emotional distress that results in bodily harm. ***Gibson v. Brewer, 952***

*S.W.2d 239, 249 (Mo. banc 1997)*. The alleged conduct must have been intended solely to cause extreme emotional distress. *Id.* The Plaintiffs must show that the conduct was more than malicious and intentional. *Polk v. In Rhodes/St. Louis, Inc., 951 S.W.2d 646, 648 (Mo.App. E.D. 1997)*. Additionally, the Plaintiffs must plead that the intentional infliction of emotional distress resulted in an injury that is medically diagnosable and sufficiently severe to be medically significant. *Gibson, 952 S.W.2d at 248-49*; *Hendrix v. Wainwright Industries, 755 S.W.2d 411, 412 (Mo.App. E.D. 1988)*; and *Bockover v. Stemmerman, 708 S.W.2d 179, 182 (Mo.App. W.D. 1986)*.

The Plaintiffs have failed to plead that the alleged emotional distress is medically diagnosable and medically significant. Second, there is no allegation that Arnott's conduct was intended only to cause extreme emotional distress. Third, the Plaintiffs have not alleged that the distress resulted in bodily harm. For these reasons, the Plaintiffs have failed to state a cause of action and Count X should be dismissed.

Finally, Missouri courts have established that a claim for IIED will not lie when the sole basis of that claim is an alienation of affection claim. *Meikle, 745 S.W.2d at 717*; *R.J., 810 S.W.2d at 609*. The *Meikle* and *R.J.* courts held that an action for intentional infliction of emotional distress cannot be maintained where the underlying claim for alienation of affection itself is not actionable and the emotional distress is the alleged consequence of the same acts which caused the children to separate from the parent. *R.J., 810 S.W.2d at 609*; *Meikle, 745 S.W.2d at 717*. The conduct relied on in support of Count X is the same conduct that is relied on in Counts IV and V, which essentially alienation of affection claims.

-22-

**X.**     **Arnott Is Immune To The State Law Claims.**

Counts IV, V, VIII, IX and X are all based on the actions that Arnott allegedly took while the Missouri Department of Family Services (DFS) was investigating Elmore. As previously summarized, all of Arnott's alleged activities revolve around her discussion or discussions with Mansfield while Mansfield was conducting an investigation into an anonymous report of abuse.

Section 210.135 provides immunity to persons who cooperate with the DFS during an investigation. That section provides that:

> Any person . . . in cooperation with the Division, or any other law enforcement agency, juvenile office, court, or child protective service agency of this or any other state, in any of the activities pursuant to §§ 210.110 to 210.165 or any other allegation of child abuse, neglect or assault, pursuant to §§ 568.045 to 568.060, RSMo., shall have immunity from any liability, civil or criminal, that otherwise might result by reason of such actions. Provided, however, any person . . . intentionally filing a false report, acting in bad faith, or with ill intent, shall not have immunity from any liability, civil or criminal.

*§210.135, RSMo. 2000*.

Mansfield received an anonymous call over the DFS Hotline during which allegations were made that Elmore had abused the children. Mansfield began an investigation. The requirements for the investigation and the protocol to be followed during the investigation are set forth in §210.145. Mansfield met with Rachael Elmore at Arnott's home. As part of the investigation, Arnott produced letters and drawings that had been created by Rachael. Arnott is entitled to immunity for her actions in cooperating with Mansfield and the DFS. *§210.135*. There has been no allegation that

-23-

Arnott made a false report, that she acted in bad faith or that she had ill intent.

Therefore, pursuant to §210.135, Arnott is entitled to immunity as to all of the Plaintiffs'

state law claims against her which are based entirely on the actions Arnott took while

cooperating with the DFS.

**TAYLOR, STAFFORD, CLITHERO,
FITZGERALD & HARRIS, LLP**

/s/ Lance A. Roskens
By_____
Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
Lance A. Roskens
Missouri Bar No. 59408
lroskens@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR DEFENDANT
ARNOTT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of November 2011 the foregoing *Suggestions in Support of Defendant Joanna Arnott's Motion to Dismiss* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of interest.

/s/ Lance A. Roskens
Lance A. Roskens

-24-