IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN P. ELMORE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-5088-DGK |
| | ) | |
| CONNIE MANSFIELD, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANT PENKALSKI'S MOTION TO DISMISS

This case arises out of allegations that Defendants caused Plaintiff John Elmore's daughters, Plaintiffs Sarah and Rachel Elmore, to be wrongfully removed from his custody and subjected to a traumatic and humiliating investigation into false sexual abuse claims. Plaintiffs have brought multiple claims for damages under 42 U.S.C. § 1983 and Missouri state law.

Now before the Court is Defendant Melissa Penkalski's Motion to Dismiss for Failure to File a Health Care Provider Affidavit (Doc. 69). Penkalski, a nurse, contends the claims against her should be dismissed because Plaintiffs have not complied with Missouri Revised Statute § 538.225.1, which requires a plaintiff in a medical malpractice action to file an affidavit from a healthcare provider certifying the merits of the case. Plaintiffs respond that 1) this is a state procedural rule which does not apply in federal court; and 2) even if the statute supplies a substantive rule which a federal court must apply, it is inapplicable here because Plaintiffs have not alleged medical malpractice.

Holding that the statute supplies a substantive rule of decision which applies in federal court, but that Plaintiffs have not brought any medical malpractice claims to which it applies, the motion is DENIED.

## Standard

Section 538.225.1 states:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

The statute is designed to prevent frivolous medical malpractice suits from being filed. *Crider v. Barnes-Jewish St. Peters Hosp., Inc.*, No. ED 96907, 2012 WL 121151, at *2 (Mo. Ct. App. Jan. 17, 2012). It recognizes that the nature of medical malpractice actions "are such that expert medical testimony is required to prove the acceptable standard of professional care," and that without such testimony, the plaintiff cannot meet her burden of proof. *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 905 (Mo. Ct. App. 1996).

The law, however, "applies only to medical malpractice tort actions." *Grace v. Harris*, 4:06-CV-1510-CEJ, 2007 WL 3530200, at *2 (E.D. Mo. Nov. 13, 2007). A health care affidavit is required only if the relationship between the parties is that of health care provider and recipient and if the 'true claim' relates to the provision of health care services. *Lucarelli v. Renal Treatment Centers-Illinois, Inc.*, 2008 WL 440225, at *3 (E.D. Mo. Sept. 24, 2008) (citation omitted).

## Discussion

As a threshold matter, the Court holds that the statute supplies substantive Missouri law which this Court must apply. *Smith v. Planned Parenthood of St. Louis*, 225 F.R.D. 233, 241 (E.D. Mo. 2004) (conducting detailed analysis and concluding the statute "is substantive state

law which must be applied."); *see Mackovich v. United States*, 630 F.3d 1134, 1135 (8th Cir. 2011) (upholding without comment district court's dismissal of claim for failure to comply with the statute).

The question here is whether the statute applies to Plaintiffs' claims against Penkalski. If the counts brought against Penkalski are medical malpractice claims, the statute applies. If they are not, the statute is inapplicable.

The Court holds that Plaintiffs claims against Penkalski are not for medical malpractice. The 'true claims' against Defendant Penkalski are in the nature of assault and battery. Although Penkalski is a nurse who may have honestly believed she was delivering medical services to the children, the allegation here is that she was without lawful authority to touch the children, thus she was assaulting them. Plaintiffs are not complaining about the manner in which Penkalski conducted the childrens' medical examinations, for example, that she did not use appropriate skill in examining the girls. The allegation is that Penkalski's actions were an unconstitutional and illegal invasion of the girls' privacy and bodily integrity: Count III alleges her actions violated the girls' Fourth Amendment rights; Count VI alleges she committed assault and battery on the children; and Count IX alleges she conspired with numerous other Defendants to violate Plaintiffs' constitutional rights by separating the girls from their father. These are assault allegations, not medical malpractice allegations, thus § 538.225 does not apply.

Contrary to Defendant's suggestion, *Crider v. Barnes-Jewish St. Peters Hosp., Inc.* is not analogous. In *Crider* a deaf plaintiff sued her healthcare providers under the Missouri Human Rights Act for failing to provide interpretation services during the delivery of her child, alleging this failure resulted in her being administered an epidural without her consent. No. ED 96907, 2012 WL 121151, at *2 (Mo. Ct. App. Jan. 17, 2012). *Crider* is factually distinct in that the

3

plaintiff voluntarily went to the hospital and placed herself in the hospital's care as a patient.  *Id.* at *1.  There was no question that the parties formed a health care provider-recipient relationship between them as required by the statute, or that the plaintiff agreed to the epidural.  *Id.* at *2-3.  The malpractice claim arose because Plaintiff had allegedly not been adequately informed of all the risks of the procedure, not because she did agree to it.  *Id.*  By contrast, in the present case no health care provider-recipient relationship was ever formed because the children never agreed either to be Penkalski's patients or to be examined by her.

Finally, the Court notes that applying the statute to the facts in this case would not serve the purpose of the statute.  The statute's goal is to prevent frivolous medical malpractice lawsuits from being filed by requiring a plaintiff to prove early on in the litigation that at least one medical expert believed that the standard of care was not followed.  The statute thus "weeds out" those cases where no medical malpractice actually occurred.  The question in the present case, however, is whether Penkalski violated 42 U.S.C. § 1983 or committed assault.  This determination turns on facts that can be found by a lay person.  It is not a medical determination that requires expert medical testimony to prove.  Consequently, applying the statute here would not serve any constructive purpose but would delay timely resolution of this case on the merits.

Accordingly, the Court holds § 538.225.1 does not apply to the claims in this case.

## Conclusion

For the reasons discussed above, the motion (Doc. 69) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>May 21, 2012</u>         /s/ Greg Kays
                                  GREG KAYS,
                                  UNITED STATES DISTRICT JUDGE