IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOHN P. ELMORE, et. al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:11-cv-5088-DGK |
| CONNIE MANSFIELD, et. al., | ) |
| Defendants. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

This case arises from allegations that Defendants caused Plaintiff John Elmore's daughters, Plaintiffs Sarah and Rachel Elmore, to be wrongfully removed from his custody by manufacturing false sexual abuse claims against him. After Defendants removed the daughters from John Elmore's custody, they allegedly subjected the girls to a traumatic and humiliating physical examination. Plaintiffs are bringing multiple claims for damages under 42 U.S.C. § 1983 and Missouri state law.

Now before the Court is a discovery dispute between the parties concerning the time frame in which Defendant Castrodale should be permitted to conduct discovery into Plaintiff John Elmore's medical records.

After reviewing the briefs submitted by the Plaintiffs and Defendant Castrodale, the Court held a telephone hearing on May 29, 2012 at 3:00 p.m. to hear argument from the parties.[1] This hearing was recorded.

---

[1] At that phone conference, Plaintiffs were represented by Steve Art and Russell Ainsworth, and Defendant Casterdale was represented by Warren Harris and Lance Roskens. The other defendants were also present and were given the option to be heard, although they elected not to make any argument. Defendant Arnott was represented by Krystle Scherling and Matt Turner; Defendant Mansfield was represented by Elizabeth Callahan; Defendants Baker, Hoagline, Johnson, Morrow and Wallace were represented by Rex Fennessey; Defendant Penkalski was represented by Andrew Donelan; and Defendant Child Advocacy Center was represented by Sarah Johnson.

During the hearing the parties clarified their positions and resolved most of their differences. The disputes currently remaining are as follows: Castrodale argues he should be given access to John Elmore's medical records for the time period beginning ten years prior to the 2006 incident and extending to the present; that is, a 16 year period, from 1996 to the present. Castrodale suggests that in personal injury actions in this district defendants are generally permitted to discover a plaintiff's medical history for a period beginning ten years prior to the incident at issue.

In response, John Elmore contends that the parties previously agreed to limit discovery to a time period beginning three years prior to the incident, and Castrodale should be allowed discovery into his medical records prior to this time only if he can make a specific showing why this is necessary. Elmore also contends that Rule 34 requires Castrodale to contemporaneously turn over a copy of any medical records Castrodale receives as a result of using a blanket medical waiver signed by him.

The Court finds that defendants in personal injury actions in this district are often allowed access to a plaintiffs medical records going back ten years from the date of the incident. This is reasonable to determine if the plaintiff's injuries may have been caused by a pre-existing condition. In the present case, John Elmore has pled that he has suffered emotional damages as a result of Castrodale's actions. The Court holds this case is analogous enough to a personal injury action that Castrodale should be allowed to conduct discovery into Elmore's medical history for a period beginning ten years prior to the incident to explore if some other event could be responsible for any emotional distress he is currently suffering. Furthermore, after carefully reviewing Rule 34, the Court sees nothing in the Rule that requires Castrodale to turn over any medical records he discovers but does not intend to use at trial.

Plaintiff John Elmore's objections to Defendant Castrodale's discovery requests are overruled.

**IT IS SO ORDERED.**

Dated: June 5, 2012  /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE