IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN P. ELMORE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-5088-DGK |
| | ) | |
| CONNIE MANSFIELD, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### SUPPLEMENTAL ORDER ON ARNOTT'S MOTION TO DISMISS

This case arises from allegations that Defendant Joanna Arnott ("Arnott") and the other Defendants made false sexual abuse claims against Plaintiff John Elmore ("Elmore") in order to remove his daughters, Plaintiffs S.L.E and R.J.E., from his custody. Plaintiffs allege that as a result of Defendants' actions, the children were taken from Elmore and subjected to traumatic and humiliating gynecological examinations. Plaintiffs have brought sixteen claims for relief under 42 U.S.C. § 1983 and Missouri state law.

Now before the Court is Defendant Joanna Arnott's Motion to Dismiss Plaintiff's Complaint (Doc. 18) and the parties' supplemental briefing concerning Plaintiffs claim for tortious interference with parental rights.[1] Arnott moved to dismiss this claim, arguing that although Missouri still recognizes the tort, this case is not one of those rare cases where the level of parental interference rises to the level of a tort. Arnott contends Missouri courts would limit the cause of action to those cases where the interference with the parental right was substantial in duration and effect, and any interference here was not substantial.

The Court took this argument under advisement and ordered supplemental briefing from the parties addressing two questions: (1) whether Missouri law limits, or would limit, any claim

---

[1] This claim is Count V in the original complaint, Count X in Plaintiffs' Second Amended Complaint.

for tortious interference with parental rights to those cases where the interference was substantial in duration and effect; and (2) if so, whether the interference alleged here is actionable.

After reviewing the parties' briefs and the applicable caselaw, the Court observes that while Missouri still recognizes this tort in the sense that it has not formally abolished it, it is disfavored. *Politte v. Politte*, 727 S.W.2d 198, 200 (Mo. Ct. App. 1987) ("Furthermore, and, perhaps most important, we question the need of recognizing the tort claim [of tortious interference with parental rights]."). The trend in Missouri law is to restrict the availability of this tort, if not abolish it. *See id.* at 201 (noting that continued recognition of the tort is not in the best interests of the child, and the tort is unnecessary because other remedies exist to bring economic pressure against a parent to return an abducted child). Accordingly, the Court holds that at the very least a Missouri court would restrict a claim for tortious interference with parental right to situations where the non-custodial parent's interference with the custodial parent's right to custody is substantial in duration and effect.

Applying this standard here, the Court holds the allegations in the Second Amended Complaint ("the Complaint") are barely sufficient to survive a motion to dismiss. When read as a whole, the Complaint alleges that on one occasion Arnott prevented the children from returning to their father by physically restricting their movements, and on another occasion conspired with others to have a highway patrolman take the children from their father's house. It is a closer call whether this interference was for a substantial amount of time. The Complaint is unclear about how long the children were separated from their father. Arnott contends it was only two days and that this is not enough to state a cause of action, but she has not cited any authority or explanation to support this position.

2

Case 3:11-cv-05088-DGK   Document 251   Filed 02/12/13   Page 2 of 3

The Court holds that given the state of the existing record, this question is better addressed at the summary judgment stage of the litigation or on a motion for directed verdict, not on a motion to dismiss. Accordingly, this portion of Arnott's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: February 12, 2012          /s/ Greg Kays
                                  GREG KAYS,
                                  UNITED STATES DISTRICT JUDGE