IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN P. ELMORE; R.J.E., a minor child, by her parent and next friend John P. Elmore; S.I.E., a minor child, by her parent and next friend John P. Elmore, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:11-cv-5088-DGK |
| CONNIE MANSFIELD, et. al., | ) ) | |
| Defendants. | ) | |

## ORDER DENYING APPROVAL OF MINOR SETTLEMENT, WITHOUT PREJUDICE

This case arises from Plaintiff John Elmore ("Elmore") allegations that Defendant Joanna Arnott and the other Defendants made false sexual abuse claims against Elmore in order to remove his minor daughters, Plaintiffs S.L.E and R.J.E., from his custody. Plaintiffs allege that as a result of Defendants' actions, the children were taken from Elmore and subjected to traumatic and humiliating gynecological examinations. Plaintiffs brought sixteen claims for relief under 42 U.S.C. § 1983 and Missouri state law.

Now before the Court is the parties' Joint Petition for Approval of Settlement (Doc. 257) which will settle all of the Plaintiffs' claims against all Defendants. The parties request that if the Court deems appointment of a next friend for minors S.L.E. and R.J.E. necessary before it can approve the proposed settlement ("the Settlement"), then the Court appoint Plaintiff Elmore as next friend.

After carefully reviewing the existing record, the Court finds the parties have failed to sufficiently develop the record to show that the Court should appoint Elmore as next friend and

that the Court should approve the Settlement. Accordingly, the Court denies approval of the Settlement without prejudice.

## Background

The allegations in the Second Amended Complaint ("the Complaint") are set out in detail in the Court's previous order (Doc. 250) granting in part and denying in part Defendant Castrodale's motion to dismiss.

## Standard

Federal law looks to state law for the standard governing the approval of a minor settlement. *See M.E. v. United States*, No. 4:05CV396-DJS, 2006 WL 1556794, at *1 (E.D. Mo. June 1, 2006) (using state law to determine whether the district court should approve a proposed minor settlement). There is no dispute here that Missouri law provides the applicable standard because all of the events in this case occurred in Missouri.

Under Missouri law, a lawsuit by a person who is not yet eighteen years-old may be settled only by a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem. Mo. Rev. Stat. §§ 507.110, 507.115; *Y.W. v. Nat'l Super Mkts.*, 876 S.W.2d 785, 788 (Mo. Ct. App. 1994). Even a child's parent must be judicially-appointed to serve as the minor's representative. *Y.W.*, 876 S.W.2d at 788. In determining whether a parent is qualified to serve as next friend and enter a settlement agreement on the child's behalf, a court should consider whether the parent has the necessary knowledge and ability and whether a conflict of interest exists between the parent and child. *Id.* A parent who is duly-appointed as next friend may later be disqualified if a conflict of interest arises. *Id.* In litigation where both parent and child are parties, the court should consider appointing a conservator ad litem to represent the minor plaintiff's interests in settlement discussions. *Vincent by Vincent v. Johnson*, 833 S.W.2d 859, 863 n.3 (Mo. 1992) (Benton, J.).

2

The statute regulating court approval of a minor settlement[1] provides in relevant part that the court shall have the power to: (1) approve a proposed settlement of a minor's claim; (2) authorize the next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorney's fee and any reasonable expenses. Mo. Rev. Stat. § 507.184. The purpose of the statute is "to maximize the protection afforded a minor's legal action and insure that any settlement is in the best interest of the child." *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999). In reviewing a proposed settlement, the court must keep in mind that minors are considered wards of the court and their rights must be "jealously guarded as provided by statute." *Y.W.*, 876 S.W.2d at 788.

## Discussion

Although the Settlement appears to be reasonable at first glance, the Court cannot appoint Elmore next friend or approve the Settlement on the existing record.

**A.    The Court cannot determine from the existing record whether Elmore should be appointed next friend.**

As a threshold matter, the Court is required to appoint a representative for the minors. A natural guardian is unable to enter into a binding settlement of a minor's claims unless duly appointed by the court. *Id.*

The question here is who should the Court appoint as next friend. Although Elmore is an obvious candidate because he is the children's father and sole legal guardian, he may be disqualified by a conflict of interest. Under the Settlement, Elmore will receive $100,000 while the minor Plaintiffs will receive $17,166 each, which, after paying attorneys' fees and costs, will leave each with $9,442. While there may be good reasons for this disparity—the value of

---

[1] Although the parties' brief cites several Missouri statutes, it does not cite Mo. Rev. Stat. § 507.184. The Court reminds the parties that they must cite all relevant controlling authority in their briefing.
3

Elmore's claims may be greater than the value of children's claims, or it may have been wiser to structure the Settlement so as to leave the minors with less than $10,000 and avoid the transaction costs associated with appointing a conservator[2]—these reasons need to be articulated. Unfortunately, the existing record does not explain this apparent conflict of interest and give detailed reasons why the Court should appoint Elmore as next friend.

**B. The Court cannot determine from the existing record whether the Settlement is in the children's best interest.**

The record is also insufficiently developed for the Court to determine whether the Settlement is in the children's best interest. The Court has three primary concerns.

First, the Court is concerned about the value of the children's claims. There is no discussion of the approximate value of the children's claims versus their recovery under the Settlement. A plausible valuation of the children's claims is necessary for the Court to make an informed, rational decision whether to approve the Settlement. Related to this, the Court is concerned that the children's recovery is disproportionate to their father's recovery. Some explanation of the approximately 6:1 ratio between Elmore's recovery and the children's recovery is needed.

Second, while the parties have indicated that $7,724 in fees and expenses will be deducted from each child's $17,166 recovery, the parties have not listed how much of this is for attorneys' fees and how much is for expenses. This information is statutorily required and necessary for the Court to approve the attorney fee contract and payment. Mo. Rev. Stat. § 507.184.3.

---

[2] If a minor receives less than $10,000 in a settlement exclusive of attorneys' fees and expenses, the court may, if it finds it to be in the best interest of the minor, order that the money be paid directly to the minor. Mo. Rev. Stat. §§ 507.118(1), 475.330.

4

Third, the parties have not stated whether any attorneys' fees or expenses will be deducted from Elmore's portion of the recovery, and if so, how much.  This is problematic.  If attorneys' fees and expenses are deducted from the children's share of the recovery only, or are deducted at a higher rate than from Elmore's portion of the recovery, then this weighs against approval.  That said, the Court suspects that the omission of fees and expenses deducted from Elmore's share of the recovery is merely an oversight which the parties can easily correct.

## Conclusion

For the reasons discussed above, the parties' motion is DENIED WITHOUT PREJUDICE.  The Court will promptly review any revised motions providing the additional information.

**IT IS SO ORDERED.**

Dated:  June 12, 2013                                /s/ Greg Kays
                                                     GREG KAYS,
                                                     UNITED STATES DISTRICT JUDGE